UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YESSUH SUHYES HUSSEY,

                Plaintiff,

-against-

THE OWNER OF/AT DUANE READE (JANE DOE/JOHN DOE); THE OWNER AND PERSON IN CHARGE OF WALGREENS (JANE DOE/JOHN DOE),

                Defendants.

23-CV-3561 (LTS)

ORDER DIRECTING PRISONER AUTHORIZATION

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se* and seeks to proceed *in forma pauperis* ("IFP"), that is, without prepayment of the filing fees. Plaintiff originally filed this action in the United States District Court for the Eastern District of New York,[1] and at the time he filed this action in the Eastern District of New York, he was detained as a "prisoner" at the Anna M. Kross Center on Rikers Island.[2] (*See* ECF 1.) After filing this action in the Eastern District, Plaintiff was released from custody. (*See* ECF 4.) Accordingly, on May 1, 2023, the Court directed Plaintiff to submit an amended IFP application or pay the filing fees because his original IFP application did not reflect his financial circumstances, having recently been released from custody. (*See* ECF 7.)

    The Court has learned that Plaintiff is again in the custody of the New York City Department of Corrections. *See* https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf

---

[1] By order dated April 26, 2023, the Eastern District of New York transferred the action to this court. (*See* ECF 5.)

[2] A prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915A(c).

(last visited May 18, 2023). Because Plaintiff is a prisoner, and he did not submit a prisoner authorization with his complaint, as set forth below, the Court directs him to do so.

## DISCUSSION

To proceed with a civil action in this Court, a prisoner must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request permission to proceed without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore also authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[3] from the prisoner's account in installments and to send to this Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted an IFP application but did not submit a prisoner authorization. Within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or complete and submit the attached prisoner authorization. If Plaintiff submits the prisoner authorization, it should be labeled with docket number 23-CV-3561 (LTS).[4]

---

[3] The $52.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

[4] Plaintiff is cautioned that if a prisoner files an action that is dismissed as frivolous or for failing to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions *in forma pauperis* as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fee at the time of filing any new action.

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

The Clerk of Court is directed to vacate the order directing Plaintiff to render payment of the filing fees or submit an amended IFP application, at ECF 7.

SO ORDERED.

Dated:   May 18, 2023
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge